**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE MANUEL REYES, | No. 11-70553 |
| Petitioner, | Agency No. A073-970-477 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jorge Manuel Reyes, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Reyes's past harm did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept). Substantial evidence also supports the agency's determination that Reyes's fear of future persecution lacked a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"). Thus, Reyes's asylum claim fails.

Because Reyes failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the denial of CAT relief, because Reyes has not shown it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Holder*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

11-70553